IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **RONALD W. WALDEN, JR.,** )<br>)<br>    **Plaintiff,** )<br>)<br>    v. )<br>)<br>**SUFFOLK BLOCK ASSOCIATES, L.L.C.,** )<br>a Virginia Limited Liability Company, )<br>)<br>    **Defendant.** )<br>) | Civil Action No:  2:24-cv-00212 |

# COMPLAINT

Plaintiff, **Ronald W. Walden, Jr.**, by and through his undersigned counsel, hereby files this Complaint against **SUFFOLK BLOCK ASSOCIATES, L.L.C.**, a Virginia Limited Liability Company, seeking injunctive relief, attorneys' fees and costs for violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.,* and damages for violations of the law of the Commonwealth of Virginia.  In support of his allegations, Plaintiff states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*. (the "ADA.")  The Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the property that is the subject of this action is located in the City of Suffolk, Virginia.

3. Plaintiff Ronald W. Walden, Jr. ("Mr. Walden") is a resident of the Commonwealth of Virginia.

4. Mr. Walden is a qualified individual with a disability as the term is defined by and within the meaning of the ADA. Mr. Walden is diagnosed with *osteogenesis imperfecta* and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

6. Upon information and belief, **SUFFOLK BLOCK ASSOCIATES, L.L.C.**, ("WP" or "Defendant,") is the owner, lessor, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action (the "Property.")

7. The Property is known as IHOP; it is generally located at 1210 N Main St. Suffolk, VA 23434.

8. The Defendant is registered to conduct business within the Commonwealth of Virginia through the Virginia State Corporation Commission and maintains a registered agent in this jurisdiction for the purpose of accepting service of process.

9. Defendant is responsible for complying with all applicable obligations of the ADA.

10. All events giving rise to this lawsuit occurred within the jurisdiction of the Eastern District of Virginia.

## COUNT I
## VIOLATION OF TITLE III OF THE ADA

11. The allegations set forth in the paragraphs above are incorporated by reference as

if fully set forth in this count.

12. The Property is a place of public accommodation and is therefore subject to Title III of the ADA.

13. Mr. Walden visited the Property and plans to return to the Property in the near future.

14. During the visit, Mr. Walden experienced serious difficulty accessing the goods and utilizing the services on the Property due to the architectural barriers described in this Complaint and specifically in Paragraph 17.

15. Mr. Walden wants to visit the Property but continues to experience serious difficulty as the result of the barriers described below, all of which exist at the time of this filing.

16. Mr. Walden plans to and will visit the Property once the barriers described in Paragraph 17 and any other barriers have been removed.

17. Defendant discriminated and continues to discriminate against Plaintiff in violation of 42 U.S.C. §§ 12181, *et seq.*, and 28 C.F.R. §§ 36.302, *et seq.*, by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

    A. Plaintiff personally encountered inaccessible parking designated as disabled due to low signage. This condition made it difficult for Plaintiff to identify the designated disabled parking areas from his vehicle;

    B. Plaintiff personally encountered inaccessible parking designated as disabled due to built-up curb ramps improperly protruding into the access aisles and disabled use parking spaces, causing excessive slopes. These conditions made it difficult and unsafe for Plaintiff to

exit his vehicle and transfer into his wheelchair;

      C.    Plaintiff personally encountered inaccessible route to the entrance due to excessive slope.  This condition made it difficult and unsafe for Plaintiff to travel to entrance, as well as increased his risk of fall.

18.    As of the date of this filing, the readily achievable barriers, and other violations of the ADA exist.  They have not been remedied or altered in such a way as to effectuate compliance with the applicable provisions of the ADA.

19.    Independent of his intent to return to the Property as a patron, Plaintiff intends to return to the Property as an ADA tester to determine whether the barriers to access in this Complaint have been remedied.

20.    Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

21.    Removal of the barriers to access located on the Property will allow Plaintiff to fully utilize the goods and services located on the Property.

22.    The Plaintiff was obligated to retain the undersigned counsel for filing and prosecution of this action.  The provisions of 42 U.S.C. § 12205 entitle Plaintiff to seek from Defendant and receive payment for reasonable attorneys' fees, costs, and expenses of this action.

## COUNT II
## STATE LAW CLAIM

23.    Plaintiff re-alleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

24. Defendant's Property is a place of public accommodation under *Code of Virginia*, § 51.5-44.

25. The architectural barriers and other accessibility barriers constitute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

26. As a direct and proximate result of Defendant's intentional and negligent failure to remove barriers to access that exist on Defendant's property, Plaintiff was and continues to be denied access and his civil rights were and continue to be violated.

27. Consequently, Mr. Walden seeks monetary damages from Defendant pursuant to *Code of Virginia*, § 51.5-46 for the discrimination he experienced and continues to experience.

**PRAYER FOR RELIEF**

WHEREFORE, Ronald W. Walden, Jr. demands judgment and execution against Defendant and requests the Court provide the following injunctive and declaratory relief:

A. Declare the Property owned and administered by Defendant is in violation of the ADA;

B. Enter an order directing Defendant to alter its facilities on the Property to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. Enter an order directing Defendant to evaluate and neutralize its policies and procedures toward persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. Award to the Plaintiff reasonable attorneys' fees, costs (including expert fees),

      and other expenses of this action;

E.    Award such other and further relief as it deems necessary, just and proper;

F.    Issue a Declaratory Judgment that Defendant violated the Virginia Rights of Persons with Disabilities Act;

G.    Order Defendant to alter the Property to make the facilities accessible to and usable by individuals with disabilities to the extent required by the Virginia Statewide Building Code;

H.    Award Plaintiff monetary damages from the Defendant pursuant to *Code of Virginia* § 51.5-46; and

I.    Award Plaintiff such other additional and proper relief as may be just and equitable.

**RONALD W. WALDEN, JR**.

By: */s/ Lindsey Clayton Magee Gordley*
L. Clayton Magee, Esquire
Virginia State Bar #95399
Waters Law Firm, P.C.
Town Point Center Building, Suite 600
150 Boush Street
Norfolk, VA  23510
Telephone: (757) 446-1434
Facsimile: (757) 446-1438
dwater@waterlawva.com
cmagee@waterslawva.com

*Counsel for Plaintiff*